(C.D. 3706)

CARMICHAEL INTERNATIONAL SERVICE ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 17, 1969)

*Stein & Shostak* (*S. Richard Shostak* of counsel) for the plaintiffs.

*William D. Ruckelshaus*, Assistant Attorney General (*Brian S, Goldstein,* trial attorney), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The cases listed in schedule "A", annexed hereto and made a part hereof, consolidated for the purpose of trial, involve the proper classification of certain imported hinge hanger bolts. The merchandise in protest 67/1432 and 66/69964 was classified under item 647.00, Tariff Schedules of the United States, and the same merchandise covered by protest 66/69957 was classified under item 646.98. At the trial counsel for defendant abandoned the classification of the merchandise covered by the latter protest claiming the proper classification was under item 647.00, *supra.*

Plaintiff claims said merchandise is properly dutiable at 0.5 cent per pound under item 646.54 TSUS which provides for bolts. It is contended that the case of *Winter, Wolff & Co.. Inc.* v. *United States*, 54 Cust. Ct. 173, C.D. 2528, which involved the same merchandise under the provisions of the Tariff Act of 1930 is controlling herein.

The pertinent portion of the statutes involved herein provide as follows:

Hinges; and fittings and mountings not specially provided for, suitable for furniture, doors, windows, blinds, staircases, luggage, vehicle coach work, caskets, cabinets, and similar uses; all the foregoing, of base metal, whether or not coated or plated with precious metal:

Not coated or plated with precious metal:

647.00          Of iron or steel, of aluminum, or of zinc_____ 19% ad val.

Bolts, nuts, studs and studding, screws, and washers (including bolts and their nuts imported in the same shipment, and assembled bolts or screws and washers, with or without nuts) ; screw eyes, screw hooks and screw rings; turnbuckles, all the foregoing not described in the foregoing provisions of this subpart, of base metal:

Of iron or steel:

646.54          Bolts and bolts and their nuts imported in the same shipment__ 0.5¢ per lb.

The trial judge reserved for the division the motion to incorporate the record in the *Winter, Wolff* case, *supra.* The record herein clearly establishes the merchandise and issues of law and fact to be substantially the same notwithstanding that the incorporated case involved the

Tariff Act of 1930 and the instant case is under the TSUS. Accordingly we hereby grant the motion to incorporate the record in the cited case.

The present record establishes that the involved merchandise is known, bought and sold as a hinge-hanger bolt, a hinge bolt and a hanger bolt, and is used in the following manner:

> This bolt is used in conjunction with the hanging of a fence. The exact method of usage, in most cases, is that a hole is drilled in a post, a metal post or pipe, which is rounded. The bolt is put through the post, and one nut remains on one side of the post, the other nut on the other side of the post, so as to anchor it firmly in the post. Then the gate, which has the hinge affixed to it, is placed over the bolt. Now, of course, two of these are most generally used, one at the top and one down near the bottom of the post or the gate, and the gate then swings on this. It is, in a sense, as a folcurm [sic], you might say. This is used also to adjust the gate both laterally and horizontally.

The use of the article and the manner in which it is bought and sold have been established by the record in the instant case and the *Winter, Wolff* case, *supra*. In the *Winter, Wolff* case, *supra*, the court concluded the merchandise involved therein to be bolts and made the following comment:

> Based upon the various authorities referred to, *supra*, and after consideration of the evidence presented and the cases cited by the parties in their briefs, it is our opinion that the hinge-hanger bolts in issue come within the common meaning of the term "bolt," and we hold said commodity, being *eo nomine* provided for within the provisions of paragraph 330, is properly classifiable thereunder and subject to duty at the rate of ½ cent per pound, as claimed by plaintiff.

In view of the foregoing and by virtue of the decision in *Winter, Wolff* case, *supra*, the claim of the plaintiff is sustained.

Judgment will be entered accordingly.